IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOBBY JOE ROBINSON, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-01107-DAE |
| vs. | § § § | |
| U.S. AIR FORCE, TINKER AFB (OKLA, OK), DEPARTMENT OF LABOR (DALLAS, TX), O.P.M. (WASHINGTON, DC), RANDOLPH AFB (SAN ANTONIO, TX), DEPARTMENT OF LABOR (WASHINGTON, DC) E.C.A.B., | § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed September 12, 2019 [#1]. The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a more definite statement before ordering service on Defendants.

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed but receives approximately $140.00 per month in pension, $74.00 per month in Social Security annuity, and $577.00 per month in other benefits.  Plaintiff claims limited assets, lives in an R.V., and has only $250.00 in his checking account.  The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Complaint sues the United States Air Force, Tinker Air Force Base, the Department of Labor, the United States Office of Personnel Management ("OPM"), and Randolph Air Force Base under the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* for race and disability discrimination and retaliation in the workplace.  (Compl. [#1-1] at 1–3.)  Plaintiff's Complaint alleges that Defendants discriminated against him on March 22, 1984 when they terminated his employment

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

2

due to a knee injury he sustained while playing basketball in the workplace.[3]  (*Id.* at 2–5.) Plaintiff seeks damages in the amount of $10,000,000.  (*Id.* at 5.)  According to Plaintiff's Complaint, he filed charges with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discrimination in November 1988, and the EEOC issued its right-to-sue notice on October 26, 1990.  (*Id.* at 1.)

Attached to Plaintiff's Complaint are numerous exhibits, which include a handwritten chronology of his medical history, medical records, governmental documents related to his employment, and previous records of an administrative claim filed with the Office of Workers' Compensation Program ("OWCP").  (Exhibits [#1-1] at 6–107.)  These records indicate that Plaintiff was terminated from his position as an aircraft mechanic from Tinker Air Force Base in Oklahoma City based on a disability, but the date and other pertinent details on the termination documentation are illegible.  (OPM Records [#1-1] at 25.)  Other documents state the termination was on January 22, 1991.  (Records [#1-1] at 26.)  Records from what appears to be an administrative claim explain that Plaintiff applied for and was approved for disability retirement by OPM under the Federal Employees Retirement System ("FERS").  (*Id.*)  Plaintiff also applied for workers compensation with the Department of Labor.  (*Id.*)  The claim was approved by OWCP.  (*Id.*)

Records attached to Plaintiff's Complaint demonstrate that OWCP subsequently found that he was no longer totally disabled and reduced his workers' compensation benefits.  (DOL Records [#1-1] at 30.)  Plaintiff prevailed in an appeal of this decision to the U.S. Department of Labor's Employees' Compensation Appeals Board in January 2000, and the board reopened his

---

[3] Records from Plaintiff's administrative claim before the Department of Labor recite the chronology differently, with his injury on April 4, 1988 and his termination on January 22, 1991. (DOL Records [#1-1] at 30; Records [#1-1] at 26.)

case for merits review. (*Id.* at 26–27, 30.) The ultimate merits decision on February 4, 2000, however, was not favorable to Plaintiff, and Plaintiff has since repeatedly attempted to convince OWCP to reconsider its decision. (*Id.* at 33.) Department of Labor correspondence indicates that as of August 28, 2019, Plaintiff had still been unsuccessful. (*Id.* at 33–43.)

There are a number of factual and legal issues with Plaintiff's Complaint that could be complete bars to his claims of race and disability discrimination and retaliation under the Rehabilitation Act. The Rehabilitation Act, a precursor to the Americans with Disabilities Act, prohibits discrimination against federal employees with disabilities. *See* 29 U.S.C. § 794(a) (forbidding disability discrimination by "any program or activity receiving Federal financial assistance"). The Rehabilitation Act's anti-discrimination provision indicates that "[t]he standards used to determine whether this section has been violated . . . shall be the standards applied under title I of the American with Disabilities Act of 1990 and the provisions of sections 501 through 504, and 510 of the American with Disabilities Act of 1990, as such sections related to employment." 29 U.S.C. § 794. The Rehabilitation Act incorporates the standards used in ADA cases, which are subject to the Title VII burden-shifting analysis. *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995); *see also Daugherty v. City of El Paso*, 56 F.3d 695, 697–98 (5th Cir. 1995).

In order to qualify for relief under the Rehabilitation Act, a plaintiff must prove that: (1) he was an "individual with a disability"; (2) he was "otherwise qualified"; (3) he worked for a covered program or activity; and (4) he was adversely treated solely because of his disability. *Hileman v. City of Dallas, Tex.*, 115 F.3d 352, 353 (5th Cir. 1997). An individual with a disability is someone who: (1) has a physical or mental impairment which "substantially limits

one or more of such person's major life activities; (2) has a "record" of such an impairment; or (3) is "regarded" as having such an impairment. *Id.* at 353.

A plaintiff must exhaust his administrative remedies before pursuing a Rehabilitation Act claim against a federal agency, but it need not do so before suing a federal grantee. *Taylor v. City of Shreveport*, 798 F.3d 276, 284 (5th Cir. 2015). Texas's two-year statute of limitations governing personal-injury suits applies to claims arising under the Rehabilitation Act. *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982 (5th Cir. 1992); *see also* Tex. Civ. Prac. & Rem. Code § 16.003(a) ("[a] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.").

Plaintiff's Complaint, when viewed in conjunction with the attached exhibits, suggests that he is not suing Defendants regarding his termination from employment in the 1980s but rather is suing Defendants for the recent denials of his administrative petitions for reconsideration of OWCP's denial of his appeal of its decision that he is not totally disabled, which resulted in the reduction of his workers' compensation benefits. In any event, if Plaintiff were attempting to challenge his termination in the 1980s, this claim would be time-barred under the two-year statute of limitations applicable to the Rehabilitation Act. If Plaintiff is attempting to challenge OWCP's decision regarding the reduction of his workers' compensation benefits, this claim would not fall under the Rehabilitation Act. Plaintiff seems to be advancing some type of claim for judicial review of his administrative claim before OWCP.

The Federal Employees Compensation Act ("FECA") provides workers' compensation coverage for federal civilian employees who are injured while in the performance of their duties. 5 U.S.C. § 8102(a). FECA vests with the Secretary of Labor the power to "administer, and decide all questions arising under [FECA]." 5 U.S.C. § 8145. Under the authority granted in

5

Section 8145(2), the Secretary has delegated responsibility for FECA management to the Director of OWCP. *Woodruff v. U.S. Dep't of Labor, Office of Workers Comp. Program*, 954 F.2d 634, 637 (11th Cir. 1992). FECA allows for the appeal of an administrative decision by OWCP to the Employees' Compensation Appeals Board. 20 C.F.R. § 501.2(c). It appears that Plaintiff employed this process in challenging the reduction of his benefits.

The Secretary's ultimate decision to award or deny compensation to a particular claimant under FECA is final and conclusive and not subject to judicial review. 5 U.S.C. § 8128(b); *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998). Although 5 U.S.C. § 8128(b) bars a federal-court action challenging an administrative decision to deny FECA benefits, the statute does not prohibit review of "substantial" of "cognizable" constitutional claims, such as a violation of due process. *Ramirez v. Dir., Office of Workers' Comp. Programs*, 102 Fed. App'x 384, 385 (5th Cir. 2004) (citing *Benton v. United States*, 960 F.2d 19, 22 (5th Cir. 1992)). Even if Section 8128 does not bar judicial review because a constitutional claim challenging the administrative process is raised, the claimant cannot obtain substantive relief or money damages. *Munn v. United States Dep't of Labor*, 714 Fed. App'x 387, 390 (5th Cir. 2018) (citing *Czerkies v. United States Department of Labor*, 73 F.3d 1435, 1439 (7th Cir. 1996) (en banc)). Where a claimant seeks relief that goes to the merits of his FECA claim, rather than pertaining to the procedures by which those claims were adjudicated, the appropriate remedy is dismissal for lack of subject-matter jurisdiction based on the statutory prohibition of judicial review. *See id.* at 391.

Under these precedents, it appears that Plaintiff's Complaint should be dismissed. However, before doing so, the Court will permit Plaintiff to file a more definite statement clarifying his allegations and establishing this Court's jurisdiction to entertain his challenge to

the Secretary's benefits determination. The Court will order Plaintiff to file this more definite statement, answering the questions listed below, within 21 days of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. However, <u>service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. In this More Definite Statement, Plaintiff should respond to the following questions:

(1) Please clarify whether you are suing for race and disability discrimination related to the termination of your employment or whether you are challenging OWCP's decision as to your workers' compensation benefits?

(2) Please provide a short timeline listing the key events in this case with approximate dates where possible. This timeline should address the following questions: When were you injured? When was your employment terminated? When did you receive your workers' compensation benefits? When were your benefits reduced and why? What was the date of any decision by OWCP and the Employees' Compensation Appeals Board? When was the last decision issued by either of these entities?

(3) If you are challenging the administrative process by OWCP and the Appeals Board, what do you allege these entities did wrong in adjudicating your claim? Was there some

process you were not afforded? Were you given a hearing? Did you have an opportunity to present your case? Is there something that you believe should have happened that did not?

(4) What are you seeking through this lawsuit? Your lawsuit lists $10,000,000. Are you asking for an increase in your benefits going forward? Payment of benefits you believe you should have received in the past? Monetary damages in some other form? Another chance to make your case before OWCP?

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 24th day of September, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE