IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOBBY JOE ROBINSON, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-01107-DAE |
| | § | |
| vs. | § | |
| | § | |
| U.S. AIR FORCE, TINKER AFB (OKLA, | § | |
| OK),  DEPARTMENT OF LABOR | § | |
| (DALLAS, TX),  O.P.M. | § | |
| (WASHINGTON, DC),  RANDOLPH | § | |
| AFB (SAN ANTONIO, TX), | § | |
| DEPARTMENT OF LABOR | § | |
| (WASHINGTON, DC) E.C.A.B., | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e).  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed because it fails to state a claim upon which relief may be granted.

## I.  Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed for failure to state a claim upon which relief may be granted where a plaintiff's allegations fail to plead factual content that would allow a court to conclude that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On September 24, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis* but ordered that Plaintiff file a more definite statement to clarify some identified deficiencies in his proposed Complaint [#3]. The Court ordered that Plaintiff's Complaint be filed but that service be withheld pending the Court's review of the more definite statement. Plaintiff moved for an extension of time to file his more definite statement, which the Court granted [#6]. Plaintiff filed a letter on November 12, 2019, which the Court construes as the ordered more definite statement [#7]. The letter and attached exhibits comprise almost 300 pages of filings for the Court's review. For the reasons that follow, the it is recommended that the District Court dismiss Plaintiff's Complaint under Section 1915(e).

Plaintiff's Complaint, read in conjunction with his response to the Court's Order for a More Definite Statement, sues the United States Air Force, Tinker Air Force Base, the Department of Labor, the United States Office of Personnel Management ("OPM"), and Randolph Air Force Base under the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* for race and disability discrimination and retaliation in the workplace. (Compl. [#4] at 1–3; More Definite Statement [#7] at 17.) Plaintiff's Complaint alleges that Defendants discriminated against him in March 1984 when they terminated his employment on account of his race and due to a disability stemming from a knee injury he sustained while playing basketball in the

workplace.[1]  (Compl. [#4] at 2–5; More Definite Statement [#7] at 17.)  Plaintiff's letter also mentions a recommendation for termination due to drug use.  (More Definite Statement [#7] at 17.)  Plaintiff seeks damages in the amount of $10,000,000.  (Compl. [#4] at 5.)  According to Plaintiff's Complaint, he filed charges with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discrimination in November 1988, and the EEOC issued its right-to-sue notice on October 26, 1990.  (*Id.* at 1.)

Attached to Plaintiff's Complaint and Response are numerous exhibits, which include a handwritten chronology of his medical history, medical records, governmental documents related to his employment, and previous records of an administrative claim filed with the Office of Workers' Compensation Program ("OWCP").  (Exhibits [#4] at 6–107.)  These records indicate that Plaintiff was terminated from his position as an aircraft mechanic from Tinker Air Force Base in Oklahoma City based on a disability, but the date and other pertinent details on the termination documentation are illegible.  (OPM Records [#4] at 25.)  Other documents state the termination was on January 22, 1991.  (Records [#4] at 26.)  Records from what appears to be an administrative claim explain that Plaintiff applied for and was approved for disability retirement by OPM under the Federal Employees Retirement System ("FERS").  (*Id.*)  Plaintiff also applied for workers compensation with the Department of Labor.  (*Id.*)  The claim was approved by OWCP.  (*Id.*)

Records attached to Plaintiff's Complaint demonstrate that OWCP subsequently found that he was no longer totally disabled and reduced his workers' compensation benefits.  (DOL Records [#4] at 30.)  Plaintiff prevailed in an appeal of this decision to the U.S. Department of

---

[1] Records from Plaintiff's administrative claim before the Department of Labor recite the chronology differently, with his injury on April 4, 1988 and his termination on January 22, 1991. (DOL Records [#4] at 30; Records [#4] at 26.)

Labor's Employees' Compensation Appeals Board in January 2000, and the board reopened his case for merits review.  (*Id.* at 26–27, 30.)  The ultimate merits decision on February 4, 2000, however, was not favorable to Plaintiff, and Plaintiff has since repeatedly attempted to convince OWCP to reconsider its decision.  (*Id.* at 33.)  Department of Labor correspondence indicates that as of September 19, 2019, Plaintiff had still been unsuccessful and was still seeking a merits review of the OWCP decision through an application for reconsideration that was denied.  (*Id.* at 33–43; More Definite Statement [#7] at 149, 151.)  Having reviewed Plaintiff's Complaint and More Definite Statement, the undersigned remains of the opinion that Plaintiff fails to plead a claim upon which relief could be granted by this Court.

A.      **Plaintiff fails to state a claim under the Rehabilitation Act.**

        The Rehabilitation Act, a precursor to the Americans with Disabilities Act, prohibits discrimination against federal employees with disabilities.  *See* 29 U.S.C. § 794(a) (forbidding disability discrimination by "any program or activity receiving Federal financial assistance").  The Rehabilitation Act's anti-discrimination provision indicates that "[t]he standards used to determine whether this section has been violated . . . shall be the standards applied under title I of the American with Disabilities Act of 1990 and the provisions of sections 501 through 504, and 510 of the American with Disabilities Act of 1990, as such sections related to employment." 29 U.S.C. § 794. The Rehabilitation Act incorporates the standards used in ADA cases, which are subject to the Title VII burden-shifting analysis.  *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995); *see also Daugherty v. City of El Paso*, 56 F.3d 695, 697–98 (5th Cir. 1995).  Texas's two-year statute of limitations governing personal-injury suits applies to claims arising under the Rehabilitation Act.  *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982 (5th Cir.

1992); *see also* Tex. Civ. Prac. & Rem. Code § 16.003(a) ("[a] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.").

Plaintiff's Complaint, when viewed in conjunction with the attached exhibits and More Definite Statement, suggests that he is not suing Defendants for discrimination or wrongful termination based on his termination from employment in the 1980s or 1990s but rather is suing Defendants for the recent denials of his administrative petitions for reconsideration of OWCP's denial of his appeal of its decision that he is not totally disabled, which resulted in the reduction of his workers' compensation benefits. In any event, if Plaintiff were attempting to challenge his termination that occurred in the 1980s or 1990s, this claim would be time-barred under the two-year statute of limitations applicable to the Rehabilitation Act. If Plaintiff is attempting to challenge OWCP's decision regarding the reduction of his workers' compensation benefits, that challenge would not fall under the Rehabilitation Act.

**B.** **Plaintiff cannot sue for judicial review of his administrative claim before OWCP.**

Plaintiff seems to be advancing some type of claim for judicial review of his administrative claim before OWCP. The Federal Employees Compensation Act ("FECA") provides workers' compensation coverage for federal civilian employees who are injured while in the performance of their duties. 5 U.S.C. § 8102(a). FECA vests with the Secretary of Labor the power to "administer, and decide all questions arising under [FECA]." 5 U.S.C. § 8145. Under the authority granted in Section 8145(2), the Secretary has delegated responsibility for FECA management to the Director of OWCP. *Woodruff v. U.S. Dep't of Labor, Office of Workers Comp. Program*, 954 F.2d 634, 637 (11th Cir. 1992). FECA allows for the appeal of an administrative decision by OWCP to the Employees' Compensation Appeals Board. 20 C.F.R. §

501.2(c). It appears that Plaintiff employed this process in challenging the reduction of his benefits.

The Secretary's ultimate decision to award or deny compensation to a particular claimant under FECA is final and conclusive and not subject to judicial review. 5 U.S.C. § 8128(b); *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998). Although 5 U.S.C. § 8128(b) bars a federal-court action challenging an administrative decision to deny FECA benefits, the statute does not prohibit review of "substantial" of "cognizable" constitutional claims, such as a violation of due process. *Ramirez v. Dir., Office of Workers' Comp. Programs*, 102 Fed. App'x 384, 385 (5th Cir. 2004) (citing *Benton v. United States*, 960 F.2d 19, 22 (5th Cir. 1992)). Even if Section 8128 does not bar judicial review because a constitutional claim challenging the administrative process is raised, the claimant cannot obtain substantive relief or money damages. *Munn v. United States Dep't of Labor*, 714 Fed. App'x 387, 390 (5th Cir. 2018) (citing *Czerkies v. United States Department of Labor*, 73 F.3d 1435, 1439 (7th Cir. 1996) (en banc)). Where a claimant seeks relief that goes to the merits of his FECA claim, as here, rather than pertaining to the procedures by which those claims were adjudicated, the appropriate remedy is dismissal for lack of subject-matter jurisdiction based on the statutory prohibition of judicial review. *See id.* at 391. Accordingly, Plaintiff cannot obtain the relief he seeks in this Court.

## II. Conclusion and Recommendation

Having considered Plaintiff's Complaint and Response under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's Complaint be **DISMISSED**.

Because all matters for which the above-entitled and numbered case were referred to the Magistrate Judge have been considered and acted upon, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of December, 2019.


_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE